UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOHN DOE, IV, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-09-127 |
| | § | |
| ST. STEPHEN'S EPISCOPAL SCHOOL, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

On this day came on to be considered the Joint Motion of St. Stephen's Episcopal School and Robert E. Kirkpatrick, his predecessors and successors, as headmaster of St. Stephen's Episcopal School's to Transfer Venue. (D.E. 8.) For the reasons set forth below, the motion to transfer is hereby GRANTED.

**I.      Jurisdiction**

This Court has diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332(a) because there is complete diversity among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

**II.     Factual Background**

Plaintiff, John Doe IV was a student at St. Stephen's Episcopal School ("St. Stephen's) in Austin, Texas from fall of 1966 to spring of 1967. St. Stephen's is a private boarding and day school in Austin, and the school is still in existence today. Defendant James Lydell Tucker was an ordained Protestant Episcopal Priest. From 1958 to 1968, Tucker was assigned by the Episcopal Diocese of Texas as the chaplain and a member of the faculty at St. Stephen's in Austin. Tucker also served as a faculty adviser at the school. (D.E. 1.)

Plaintiff alleges that during the school year, Tucker was a "constant, frequent visitor to the boys' dormitories for open late-night group consultations and mostly general discussions in the dark dormitory rooms with the lights out." (Complaint, ¶ 13). During the summer of 1967, Defendant Tucker "offered Plaintiff a summer home at Tucker's residence on St. Stephen's campus." (D.E. 1, p. 4-5.) Over that summer, Defendant Tucker "molested, sexually abused and exploited Plaintiff in the bed under the bedcovers." (D.E. 1, p. 5.)

Plaintiff claims that the Episcopal Diocese and St. Stephen's failed to investigate whether Tucker was suitable for a position with close access to minor males, that they never acted to investigate Tucker, and that they never reported Tucker's abuse to the authorities. (D.E. 1, p. 5-6.) According to Plaintiff, St. Stephen's allowed the Episcopal Diocese to reassign Tucker to other communities in the Diocese with access to minor boys, even after learning of the abuse. (D.E. 1, p. 8.)

Plaintiff claims that "the headmasters at St. Stephen's, including current headmaster Robert Kirkpatrick and his predecessors Allen Becker, A. Frederick Weissbach and Roger Bowen, knew or should have known that Tucker was a dangerous pedophile, but that St. Stephen's never acted to control Tucker's access to children." (D.E. 1, p. 7.)

### III. Procedural Background

Plaintiff filed his Complaint against the above-listed Defendants on June 4, 2009 (D.E. 1).[1] Plaintiff alleges several causes of action against Defendants, including: civil conspiracy, fraud and fraudulent concealment, negligence, intentional infliction of emotional distress, breach of fiduciary duty, vicarious liability, negligent misrepresentation, gross negligence, and fraud.

---

[1] This case involves the same Defendants as Doe, et al. v. St. Stephen's Episcopal School, et al., No. 2:08-cv-299 (S.D. Tex. filed September 8, 2008)

(D.E. 1.) Defendants St. Stephen's School and Robert Kirkpatrick brought this motion to transfer venue on July 2, 2009. (D.E. 8.)

IV.     Discussion

   A. **Standard for motion to transfer venue to a different district under 28 U.S.C. § 1404**

A district court may transfer venue of a case to another district in which the case might have been brought "[f]or the convenience of the parties and witnesses, in the interest of justice," or "upon motion … in the discretion of the court." 28 U.S.C. § 1404.  "There can be no question but that the district courts have broad discretion in deciding whether to order a transfer." In re Volkswagen of America, Inc., 545 F.3d 304, 311 (5th Cir. 2008).

The threshold question under 28 U.S.C. § 1404(a) is whether the case "might have been brought" in the Western District of Texas. In re Horseshoe Entertainment, 337 F.3d 429, 433 (5th Cir. 2003); see also In re Volkswagen AG, 371 F.3d 201, 202 (5th Cir. 2004) ("[T]he first determination to be made is whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed.")  Here, the case might have been brought in the Western District of Texas pursuant to 28 U.S.C. § 1391(a) because all Defendants reside in Texas and St. Stephen's Episcopal School is located in the Western District of Texas. 28 U.S.C. § 1391(a) ("A civil action wherein jurisdiction is founded only on diversity of citizenship may … be brought … in a judicial district in which any defendant resides, if all defendants reside in the same State.")

Defendants timely brought this motion to change venue in that they acted with "reasonable promptness" in filing it. Peteet v. Dow Chemical Co., 868 F.2d 1428, 1436 (5th Cir. 1989) (citations omitted) ("Parties seeking a change of venue should act with reasonable

promptness."). Plaintiff filed his complaint on June 4, 2009 and Defendants timely filed this motion to transfer on July 2, 2009. Salem Radio Representatives, Inc. v. Can Tel Market, 114 F.Supp. 2d 553, 558 (N.D. Tex. 2000) ("[M]otions for change of venue must be filed with reasonable promptness") (citations omitted).

Because this case might have been brought in the Western District of Texas, and because this motion to change venue was timely brought, this Court must next analyze the eight "private and public interest factors" to determine "whether a § 1404(a) venue transfer is for the convenience of parties and witnesses and in the interest of justice." In re Volkswagen of America, Inc., 545 F.3d 304, 315 (5th Cir. 2008.) The private interest factors are "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." In re Volkswagen AG, 371 F.3d 201, 203 (5th Cir. 2004.) The public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." Id. Although these factors are "appropriate for most transfer cases, they are not necessarily exhaustive or exclusive. Moreover … 'none … can be said to be of dispositive weight.'" Id. citing Action Indus., Inc. v. U.S. Fid. & Guar. Corp., 358 F.3d 337, 340 (5th Cir. 2004).

### B. The private interest factors

The private interest factors weigh in favor of transferring the case to the Western District of Texas. A substantial part of the events giving rise to this lawsuit occurred in Austin and many

of the witnesses reside in Austin. (D.E. 8, Ex. 2.) All of the alleged abuse at issue occurred in Austin. (D.E. 1, p. 3.) Defendant St Stephen's Episcopal School is located in Austin. (D.E. 8, Ex. 2.) Robert Kirkpatrick, a party to this suit and the current headmaster of St. Stephen's resides in Austin. (D.E. 8, Ex. 2, p. 3.) Allen Becker, the Headmaster of St. Stephen's at the time of the alleged abuse, who is now 85 years old, also resides in Austin. (D.E. 8, Ex. 2, p. 3.)

Furthermore, other than his decision to file suit in the Corpus Christi Division of the Southern District of Texas, Plaintiff has offered no connection between this suit and Corpus Christi. (D.E. 1) None of the events at issue occurred in Corpus Christi and none of the witnesses reside in Corpus Christi. (D.E. 1.) "The plaintiff's choice of venue is not a distinct factor in the §1404(a) analysis. Two-Way Media LLC v. AT&T Inc., 2009 WL 1606972 at *2 (S.D. Tex. 2009). In fact "Fifth Circuit precedent clearly forbids treating the plaintiff's choice of venue as a distinct factor in the § 1404(a) analysis. Rather, the plaintiff's choice of venue corresponds to the burden that a moving party must meet in order to demonstrate that the transferee venue is a clearly more convenient venue." In re TS Tech USA Corp., 551 F.3d 1315, 1320 (5th Cir. 2008). To that end, Plaintiff's choice of venue is entitled to little weight. Id. In light of the connections between this case and Austin and in light of the dearth of connections between this case and Corpus Christi, the private interest factors weigh in favor of transferring this case to the Western District of Texas.

### C. The public interest factors

On the whole, the public interest factors also weigh in favor of transferring this case. The first, third, and fourth public interest factors are neutral with respect to the issue of whether this case ought to be transferred. In re Volkswagen AG, 371 F.3d 201, 203 (5th Cir. 2004.) The second factor of a "local interest in having localized interests decided at home," weighs heavily

in favor of the Western District of Texas hearing this case.  Id.  Whereas no events took place in Corpus Christi and no parties reside in Corpus Christi, all of the alleged abuse took place in Austin and several of the defendants reside in Austin.  (D.E. 1; D.E. 8, Ex. 2)  Therefore, the Western District of Texas has a much greater interest in hearing this case.  See In re Volkswagen AG, 371 F.3d 201, 203 (5th Cir. 2004.) Consequently, a transfer to the Western District of Texas is warranted in this case.

**V.      Conclusion**

For the reasons set forth above, the Court hereby GRANTS Defendants' motion to transfer venue. (D.E. 8.)  The Court hereby TRANSFERS this case, pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the Western District of Texas, Austin Division.

SIGNED and ORDERED this 13th day of July, 2009.

_____
Janis Graham Jack
United States District Judge